IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION, successor by merger to Wachovia Bank National Association, | ) ) ) ) | |
| PLAINTIFF, | ) | |
| VS. | ) | 2:11-cv-1655-JHH |
| ENVIROMATE, LLC; and PHILIP GEDDES, | ) ) | |
| DEFENDANTS. | | |

**MEMORANDUM OPINION AND ORDER**

The court has before it the March 30, 2012 Motion (Doc. #23) for Summary Judgment of Wells Fargo Bank, N.A., successor-by-merger to Wachovia Bank, National Association ("Wells Fargo") against Defendant Enviromate, LLC. All proceedings against Defendant Philip Geddes are currently stayed (Doc. # 22) because of bankruptcy proceedings.

**I. Procedural History**

Plaintiff Wells Fargo commenced this action by filing a Complaint in this court

1

on May 19, 2011 alleging: (1) breach of contract against Enviromate under Notes 1, 2 and 3 (Count I); (2) breach of contract against Geddes under Notes 1, 2 and 3 (Count II); and (3) a claim for unjust enrichment against both Enviromate and Geddes (Count III). (Compl. ¶¶ 23-35.) Defendants Enviromate and Geddes filed an Answer and Counterclaim (Doc. $6) against Plaintiff on June 20, 2011.  Plaintiff's moved to dismiss (Doc. # 8) the counterclaim on July 11, 2011.  On August 31, 2011, the court denied (Doc. # 14) without prejudice the motion to dismiss the counterclaim and gave Defendants the opportunity to amend their pleadings to correct some identified deficiencies.  No amended counterclaim was ever filed, but instead Defendant filed its own motion to dismiss (Doc. #15), which was granted on September 27, 2011.  (See Doc. # 16.)

On March 14, 2012. Defendant Geddes filed a Suggestion of Bankruptcy (Doc. # 21) with the court.  As a result, the court stayed the proceedings pursuant to 11 U.S.C. § 362(a) against Defendant Geddes only.  (Doc. # 22.)  The case continued as to Defendant Enviromate.

On March 30, 2012, Plaintiff Wells Fargo filed its Motion (Doc. #23) for Summary Judgment against Defendant Enviromate.  The Motion included a brief and

evidence[1] in support of the Motion. (Id.) Despite having the opportunity to do so, (see doc. # 24), Defendant Enviromate did not file any brief or evidence in opposition to Plaintiff's Motion for Summary Judgment. In accordance with the court's April 2, 2012 order (Doc. #24), the Motion (Doc. #23) for Summary Judgment came under submission on May 7, 2012, and is now ripe for decision.

## II. Discussion

The court has reviewed the Motion for Summary Judgment (Doc. #23), the brief in support of the Motion for Summary Judgment, and the referenced portions of the evidentiary material filed in support of the Motion for Summary Judgment. The court finds that the statement of facts as set forth in paragraphs 1 through 19 of the brief (Doc. #23) is amply supported by the record evidence, and Plaintiff Wells Fargo has carried its burden of demonstrating the absence of any material factual dispute and that it is entitled to judgment as a matter of law as to the claims asserted in the Complaint against Enviromate, LLC.

### A. Damages Under the Notes

As for damages, it is undisputed that Wells Fargo is entitled to recover from Enviromate at total of $888,179.80, consisting of the following owed under Notes 1,

---

[1] Plaintiff Wells Fargo submitted: the affidavit of Robert M. Terway of Wells Fargo with exhibits (Exhibit A) and the affidavit of Glenn E. Glover of Bradley Arant Boult Cummings LLP (Exhibit B).

3

2 and 3: (1) $389,720.54 on the first Note (which includes unpaid principal in the amount of $311,849.60, accrued unpaid interest as of March 30, 2012 in the amount of $66,497.88, and late charges owing in the amount of $11,373.06) with interest accruing from March 30, 2012 to the date of entry of judgment at a rate of $69.30 per day; (2) $388,510.46 on the second Note (which includes unpaid principal in the amount of $318,048.24 accrued unpaid interest as of March 30, 2012 in the amount of $66,032.38, and late charges owing in the amount of $4,429.84) with interest accruing from March 30, 2012 to the date of entry of judgment at a rate of $69.79 per day; and (3) 109, 948.80 on the third Note (which includes unpaid principal in the amount of $86,968.46, accrued unpaid interest as of March 30, 2012 in the amount of $18,097.85, and late charges owing in the amount of $4,882.49) with interest accruing from March 30, 2012 to the date of entry of judgment at a rate of $19.01 per day.

### B. Reasonable Fees and Expenses

There is also the issue of reasonable fees and expenses under each Note. The three Notes at issue each contain a provision through which Defendant agreed to "pay all of Bank's reasonable expenses actually incurred to enforce or collect any of the Obligations including, . . . reasonable . . . paralegals', attorneys' and expert fees and expenses. . . ." (Terway Aff. ¶ 20; Exhs. A-C to Terway Aff.) Under this provision,

Plaintiff claims two types of fees and expenses: (1) fees of $4,600.00 and $14,456.00 for appraisals and environmental reports obtained with respect to real property collateral pledged by Enviromate as security for the indebtedness; and (2) $83,700.88 in legal fees and expenses.

As to the first type of expense or fee, Plaintiff does not provide any explanation or statement regarding the reasonableness of the charges incurred for the appraisals and environmental reports. Without such evidence, the court is completely unable to gauge whether those expenses were reasonable and, therefore, owed by Enviromate under the Notes.

At to the second type of fees and expenses, Plaintiff's only evidence of its reasonable costs and attorneys' fees are conclusory statements by attorney Glenn D. Glover that "[a]s of March 30, 2012, the fees incurred by Wells Fargo for legal services performed by Bradley Arant Boult Cummings, LLP in connection with the above captioned matter totals $81,022.00 and the expenses incurred total $2,678.88." (Exh. 2 to Doc. #23, GLover Aff. ¶ 8.) He further states that, in his opinion, "the time expended, expertise required, amount of indebtedness being collected and rates customarily charged by other firms in Alabama for similar collection efforts . . . were actual, reasonable, and necessary." (Id. ¶ 9.) He opines that "the work performed in this case has been handled with economy and efficiency" and that "an attorneys' fee

5

award in the amount of $83,700.88 . . . would be just, reasonable and customary under the circumstances of this case." (Id. ¶ 10.)

These statements are insufficient for the court to determine whether the legal fees and expenses are reasonable. Without itemization or specific explanation[2] of what these attorneys' fees and costs represent or how they were incurred, the court cannot satisfy its obligations to ascertain the reasonableness of the charges. See generally, PNCEF, LLC v. Hendricks Bldg. Supply LLC, et al., 740 F. Supp.2d 1287, 1293 (S.D. Ala. 2010) ("The Court's task . . . is instead to determine [plaintiff]'s actual attorney's fee incurred in enforcing its rights . . . in this matter, and to ascertain whether that actual figure . . . is a 'reasonable attorney's fee' within the ambit of" the agreement) (in the context of default judgment). Morever, the legal fees are over ten and a half percent (10.5%) of the outstanding debt.[3] On its face, this percentage seems high to the court, especially considering that this case is not complicated and has not required extensive briefing or discovery.

In light of the above, the court will allow Plaintiff to file additional evidence

---

[2] The court is aware that Glover's affidavit listed a myriad of legal services performed in connection with this case. However, that listing was not specific; it does not inform the court who did the work (i.e. paralegal, associate, or partner) and at what rate. It also does not inform the court of the number of hours spent on each service.

[3] The court notes that it just awarded an attorneys' fee to this same Plaintiff (using the same law firm) that represented about five percent (5%) of the outstanding debt in a case that was seemingly more complicated than the one at issue here.

in support of the reasonable expenses and fees incurred and due under the Notes. Such evidence should be filed no later than **May 25, 2012**.

    **DONE** this the   9th   day of May, 2012.

                                       /s/ James H. Hancock
                              SENIOR UNITED STATES DISTRICT JUDGE