FILED
 2012 Jun-05  PM 01:35
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION, successor by merger to Wachovia Bank National Association, | ) ) ) ) | |
| PLAINTIFF, | ) | |
| VS. | ) | 2:11-cv-1655-JHH |
| ENVIROMATE, LLC; and PHILIP GEDDES, | ) ) | |
| DEFENDANTS. | | |

## MEMORANDUM OPINION

The court has before it the March 30, 2012 Motion (Doc. #23) for Summary Judgment of Wells Fargo Bank, N.A., successor-by-merger to Wachovia Bank, National Association ("Wells Fargo") against Defendant Enviromate, LLC. All proceedings against Defendant Philip Geddes are currently stayed (Doc. # 22) because of bankruptcy proceedings.

**I. Procedural History**

Plaintiff Wells Fargo commenced this action by filing a Complaint in this court on May 19, 2011 alleging: (1) breach of contract against Enviromate under Notes 1, 2 and 3 (Count I); (2) breach of contract against Geddes under Notes 1, 2 and 3

(Count II); and (3) a claim for unjust enrichment against both Enviromate and Geddes (Count III). (Compl. ¶¶ 23-35.) Defendants Enviromate and Geddes filed an Answer and Counterclaim (Doc. # 6) against Plaintiff on June 20, 2011.  Plaintiff's moved to dismiss (Doc. # 8) the counterclaim on July 11, 2011.  On August 31, 2011, the court denied (Doc. # 14) without prejudice the motion to dismiss the counterclaim and gave Defendants the opportunity to amend their pleadings to correct some identified deficiencies.  No amended counterclaim was ever filed, but instead Defendants filed their own motion to dismiss (Doc. #15) their counterclaim, which was granted on September 27, 2011.  (See Doc. # 16.)

On March 14, 2012. Defendant Geddes filed a Suggestion of Bankruptcy (Doc. # 21) with the court.  As a result, the court stayed the proceedings pursuant to 11 U.S.C. § 362(a) against Defendant Geddes only.  (Doc. # 22.)  The case continued as to Defendant Enviromate.

On March 30, 2012, Plaintiff Wells Fargo filed its Motion (Doc. #23) for Summary Judgment against Defendant Enviromate.  The Motion included a brief and evidence[1] in support of the Motion.  (Id.)  Despite having the opportunity to do so, (see doc. # 24), Defendant Enviromate did not file any brief or evidence in opposition

---

[1] Plaintiff Wells Fargo submitted: the affidavit of Robert M. Terway of Wells Fargo with exhibits (Exhibit A) and the affidavit of Glenn E. Glover of Bradley Arant Boult Cummings LLP (Exhibit B).

to Plaintiff's Motion for Summary Judgment.  In accordance with the court's April 2, 2012 order (Doc. #24), the Motion (Doc. #23) for Summary Judgment came under submission on May 7, 2012.

On May 9, 2012, the court found that the statement of facts as set forth in paragraphs 1 through 19 of the brief (Doc. #23) in support of the Motion for Summary Judgment was amply supported by the record evidence. (Doc. # 25 at 3.) The court further found that Plaintiff Wells Fargo carried its burden of demonstrating the absence of any material factual dispute and that it was entitled to judgment as a matter of law as to the claims asserted in the Complaint against Enviromate, LLC. (Id.)

As for damages, the court held that it was undisputed that Wells Fargo is entitled to recover from Enviromate a total of $888,179.80. (Id.) That total consisting of the following owed under Notes 1, 2 and 3: (1) $389,720.54 on the first Note (which included unpaid principal in the amount of $311,849.60, accrued unpaid interest as of March 30, 2012 in the amount of $66,497.88, and late charges owing in the amount of $11,373.06) with interest accruing from March 30, 2012 to the date of entry of judgment at a rate of $69.30 per day; (2) $388,510.46 on the second Note (which included unpaid principal in the amount of $318,048.24 accrued unpaid interest as of March 30, 2012 in the amount of $66,032.38, and late charges owing

in the amount of $4,429.84) with interest accruing from March 30, 2012 to the date of entry of judgment at a rate of $69.79 per day; and (3) 109, 948.80 on the third Note (which included unpaid principal in the amount of $86,968.46, accrued unpaid interest as of March 30, 2012 in the amount of $18,097.85, and late charges owing in the amount of $4,882.49) with interest accruing from March 30, 2012 to the date of entry of judgment at a rate of $19.01 per day.  (Id. at 3-4.)

The court also addressed the issue of reasonable fees and expenses under each Note.  The court concluded that it did not have sufficient evidence before it to accurately judge whether the fees and expenses sought under the Notes was reasonable and allowed Plaintiff to supplement its evidence in that regard. (Id. at 5-7.) On May 25, 2012, Plaintiff submitted a Response (Doc. #26) with exhibits to the court's order along with a Motion (Doc. #27) to file some of its supporting documents under seal. On May 29, 2012, the court granted (Doc. #28) the motion to file documents under seal, and the next day Plaintiff filed Exhibits B and C under seal. (Doc. #29.)

## II.  Discussion

The three Notes at issue each contain a provision through which Defendant agreed to "pay all of Bank's reasonable expenses actually incurred to enforce or collect any of the Obligations including, . . . reasonable . . . paralegals', attorneys' and

4

expert fees and expenses. . . ." (Terway Aff. ¶ 20; Exhs. A-C to Terway Aff.)  Under this provision, Plaintiff claims three types of fees and expenses: (1) bank costs of $4,600.00 and $14,456.00 for appraisals and environmental reports obtained with respect to real property collateral pledged by Enviromate as security for the indebtedness; (2) $94,764.50 in legal fees; and (3) $2,732.65 in legal expenses. (Doc. # 26 at 6-5.)

After a thorough review of the evidence submitted by Plaintiff regarding the above fees and expenses (see Docs. # 26 & 29.), the court finds that all are reasonable as a matter of law.  Therefore, they are due and payable under the Notes.  For the reasons stated by the court in its May 9, 2012 Memorandum of Opinion and Order (Doc. #25) and for the conclusions reached here, Plaintiff Wells Fargo has carried its burden of demonstrating the absence of any material factual dispute and that it is entitled to judgment as a matter of law as to all claims asserted in the Complaint.

The claims against Defendant Philip Geddes remain pending and are currently stayed because of bankruptcy. (See Doc. #22).

A separate order will be entered.

**DONE** this the ___5th___ day of June, 2012.

_____
SENIOR UNITED STATES DISTRICT JUDGE